# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Samuel Der-Yeghiayan |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5561 | **DATE** | 11/13/2003 |
| **CASE TITLE** | Howard vs. Filipowski | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] This matter is before the court on defendant's motion for a finding of relatedness. For the reasons stated on the attached memorandum opinion, the Court hereby denies the defendant's motion for a finding of relatedness. This Court will not address the plaintiffs' request for remand to the state court. Any request for remand in case 03 C 5561 should be brought before District Judge Ronald A. Guzman.

(11) ■ For further detail see memorandum opinion attached to the original minute order.

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 1 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | IS | 11 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to Judge Guzman. | | | |
| MW6 | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES HOWARD and CHRIS BROWN )
On Behalf of Themselves and All Others )
Similarly Situated, )
)
Plaintiffs, )
)
v. ) No. 03 C 5561
)
ANDREW J. FILIPOWSKI, MICHAEL P. )
CULLINANE, PAUL L. HUMENANSKY, )
TOMMY BENNETT, JOHN COOPER, ) NOV 1 4 2003
JAMES E. COWIE, MICHAEL H. FORSTER, )
ARTHUR W. HAHN, THOMAS J. )
MEREDITH, J. KEVIN NATER and )
JOHN RAU, )
)
Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant's motion for a finding of relatedness. For the reasons stated below we deny the motion for relatedness.

### BACKGROUND

This action was initially filed as a class action in the Circuit Court of Cook County, Illinois alleging federal securities violations against certain officers and directors of Divine, Inc. ("Devine"). Plaintiffs' complaint contains strict liability and negligence claims based on alleged false and misleading statements and omissions in the Joint Registration Statements/Proxy Statements issued to shareholders of Data Return Corporation and Viant

1

Corporation. On August 11, 2003, Defendant Filipkowski removed this action to federal court pursuant to the bankruptcy removal statute, 28 U.S.C. § 1452(a). On August 19, 2003, we consolidated various cases that involved the bankruptcy of Divine. We consolidated for all purposes case numbers 03 C 3599, 03 C 3722, 03 C 3888, 03 C 4100, 03 C 4116, 03 C 4506, 03 4756, 03 C 5194 , and 03 C 5245 into the lowest case number 03 C 3599. We declined to consolidate this case (03 C 5561) at that juncture and gave Plaintiffs in this case until September 11, 2003 to file a response to Defendant's motion for relatedness. Plaintiffs subsequently filed a response to the defendant's motion for relatedness and asked this court to remand this case to the state court. Before this court can determine whether the action should be remanded to the state court, the court must determine whether this action is related to the 03 C 3599 consolidated action.

## DISCUSSION

Northern District of Illinois Local Rule 40.4(a) provides that two or more civil cases may be related if one or more of the following conditions are met:

(1) the cases involve the same party;

(2) the cases involve some of the same issues of fact or law;

(3) the cases grow out of the same transaction or occurrence;

(4) in class actions suits, one or more of the classes involved in the cases is or are of the same.

This action does involve some of the same parties that are involved in the action that we consolidated in case number 03 C 3599, including Mr. Andrew L. Filipowski and Mr. Michael P. Cullinane. In addition, the Plaintiffs in this action do not dispute that the consolidated actions in 03 C 3599 involve some of the same issues of fact as those in this action. However, as the

Plaintiffs here assert, this action alleges violations of §§ 11, 12(a)(2) and 15 of the Securities Act of 1933, whereas the consolidated action in 03 C 3599 allege violations of §§ 10(b), 10(b)(5) and 20(a) of the Securities Exchange Act of 1934. The Plaintiffs here define their represented class as those who acquired divine securities issued pursuant and traceable to the materially false and misleading Registration Statements utilized in connection with a January 2002 acquisition of Data Return and a September 2002 acquisition of Viant. By contrast, the consolidated actions in 03 C 3599 have defined their classes as the purchasers of divine securities at artificially inflated prices between November 12, 2001 and February 18, 2003.

We find that this action seeks relief under a separate statute that contains a separate issue of law from the actions we consolidated in 03 C 3599. Furthermore, we find that the represented class of plaintiffs in 03 C 5561 seek relief for a different set of occurrences and acquisitions than those of the actions we consolidated in 03 C 3599. Thus, pursuant to Northern District of Illinois Local Rule 40.4(b), we find that the cases are not susceptible of disposition in a single proceeding.

## CONCLUSION

Based on the foregoing analysis we deny Defendant's motion for relatedness. This Court will not address the Plaintiffs' request for remand to the state court. Any request for remand in case 03 C 5561 should be brought before the appropriate judge assigned to the case.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 13, 2003